## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | Master Docket: 2:21-mc-01230-JFC  MDL No. 3014 |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| *Trueblood* v. *Philips North America LLC et al.*, No. 2:23-CV-01304-JFC | ) ) ) | |

## PHILIPS NORTH AMERICA LLC'S OPPOSITION TO
## PLAINTIFF ALEXANDER TRUEBLOOD'S MOTION TO REMAND

Michael H. Steinberg
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, CA 90067

*Counsel for Defendant*
*Philips North America LLC*

# TABLE OF CONTENTS

*Page*

PRELIMINARY STATEMENT ......................................................................................1

BACKGROUND .........................................................................................................2

ARGUMENT .............................................................................................................3

I.      THE NOTICE OF REMOVAL ESTABLISHED COMPLETE DIVERSITY ..................3

        A.      The Notice of Removal Established that KPNV Is a Citizen of the Netherlands....4

                1.      As an NV, KPNV Is Treated As a Corporation for Diversity Purposes ..... 4

                2.      Philips NA Properly Alleged KPNV's Diversity........................................ 6

        B.      The Notice of Removal Established Defendants' Citizenship at the Time the
                Complaint Was Filed and at the Time of Removal...................................................8

II.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 ...........................................10

CONCLUSION..........................................................................................................14

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Allen* v. *Toledo,*
  109 Cal. App. 3d 415 (1980) ................................................................12

*Alvarado* v. *FCA US, LLC,*
  2017 WL 2495495 (C.D. Cal. June 8, 2017) ...........................................6

*Angus* v. *Shiley,*
  989 F.2d 142 (3d Cir. 1993)...........................................................10, 11

*Atcom Support LP* v. *M/V HC Nadja Maria,*
  2015 WL 6181749 (D. Del. Oct. 21, 2015) .............................................6

*Boeken* v. *Philip Morris, Inc.,*
  127 Cal. App. 4th 1640 (2005) .............................................................14

*In re Briscoe,*
  448 F.3d 201 (3d Cir. 2006)....................................................................3

*Bryant* v. *Apotex, Inc.,*
  2012 WL 5933042 (E.D. Cal. Nov. 27, 2012)........................................14

*Bullock* v. *Philip Morris USA, Inc.,*
  198 Cal. App. 4th 543 (2011) ...............................................................14

*Campbell* v. *Bridgestone/Firestone, Inc.,*
  2006 WL 707291 (E.D. Cal. Mar. 17, 2006) .........................................14

*Caribbean Telecomms. Ltd.* v. *Guyana Tel. & Tel. Co.,*
  594 F. Supp. 2d 522 (D.N.J. 2009) .........................................................7

*Coulter* v. *Paul Laurence Dunbar Cmty. Ctr.,*
  685 F. App'x 161 (3d Cir. 2017) ..........................................................13

*Culpepper* v. *Stryker Corp.,*
  968 F. Supp. 2d 1144 (M.D. Ala. 2013) ...............................................14

*Elkins* v. *Rajaraman,*
  2020 WL 3121161 (Mich. Ct. App. June 11, 2020) ...............................12

*Garcia* v. *FCA US, LLC,*
  2016 WL 4445337 (E.D. Cal. Aug. 24, 2016)..........................................6

*Gayvont* v. *Davol, Inc.*,
    2008 WL 2433258 (D.R.I. Feb. 26, 2008)................................................................12

*GBForefront, L.P.* v. *Forefront Mgmt. Grp., LLC*,
    888 F.3d 29 (3d Cir. 2018)..............................................................................6

*Gerber* v. *FCA US LLC*,
    2017 WL 2705428 (S.D. Cal. June 23, 2017).......................................................6, 8

*Godfrey* v. *Steinpress*,
    128 Cal. App. 3d 154 (Ct. App. 1982)................................................................14

*In re: Incretin Mimetics Products Liability Litigation*,
    2015 WL 11658714 (S.D. Cal. 2015)..................................................................14

*Insituform Techs., Inc.* v. *AMerik Supplies, Inc.*,
    850 F. Supp. 2d 1336 (N.D. Ga. 2012)................................................................7

*Izell* v. *Union Carbide Corp.*,
    231 Cal. App. 4th 962 (2014)..........................................................................14

*Johnson* v. *Monsanto Company*,
    52 Cal. App. 5th 434 (2020)...........................................................................14

*In re Linerboard Antitrust Litig.*,
    2005 WL 1625040 (E.D. Pa. July 11, 2005)..........................................................3

*Lira-Mojica* v. *Hohmann & Barnard, Inc.*,
    2021 WL 9544918 (E.D. Pa. Aug. 6, 2021) ..........................................................7

*McDermott* v. *CareAllies, Inc.*,
    503 F. Supp. 3d 225 (D.N.J. 2020) ...................................................................10

*Reece* v. *Bank of New York Mellon*,
    760 F.3d 771 (8th Cir. 2014) ..........................................................................9

*Rice* v. *CSX Transp., Inc.*,
    2002 WL 35467650 (N.D.W. Va. Mar. 11, 2002)...................................................11

*Roth* v. *US LEC of Pennsylvania, Inc.*,
    2005 WL 2340468 (E.D. Pa. Sept. 23, 2005) .......................................................10

*St. Peter's Healthcare Servs.* v. *Kamani*,
    110 N.Y.S.3d 886 (N.Y. Sup. Ct. 2018) .............................................................12

*Steel Valley Auth.* v. *Union Switch Div.*,
    809 F.2d 1006 (3d Cir. 1987).........................................................................10

*Stockton* v. *CNH Indus. Am., LLC*,
    2016 WL 11430713 (N.D. Okla. Sept. 29, 2016) .................................................5, 6

*United States* v. *CITGO Petroleum Corp.*,
    2014 WL 1758276 (S.D. Tex. Apr. 30, 2014) ........................................................12

*Werwinski* v. *Ford Motor Co.*,
    286 F.3d 661 (3d Cir. 2002)....................................................................................10

*Wyndham Hotel Grp. Canada, ULC* v. *Ostrander*,
    2022 WL 16552817 (D.N.J. Oct. 31, 2022)..............................................................7

*Xia Zhao* v. *Skinner Engine Co.*,
    2012 WL 1758145 (E.D. Pa. May 16, 2012) .............................................................9

**Statutes**

28 U.S.C. § 1332 ....................................................................................................... *passim*

28 U.S.C. § 1653 ....................................................................................................................9

Cal. Civ. Code § 3294 ........................................................................................................13

**Other Authorities**

PwC, *Viewpoint: SEC 8100 – Form 20-F* (published Sept. 30, 2023) ...........................4

INCORPORATION, Black's Law Dictionary (11th ed. 2019)........................................6

Julia Kagan, *N.V.: Alternative Investing Meaning, Examples and FAQs*,
    INVESTOPEDIA (updated July 19, 2022) ...............................................................5

U.S. DEP'T OF HEALTH & HUMAN SERVS., *National Vital Statistics Report, Vol. 71
    No. 2* (Aug. 23, 2022) .............................................................................................12

U.S. SEC, *Financial Reporting Manual: Topic 6 – Foreign Private Issuers &
    Foreign Businesses* ..................................................................................................4

Defendant Philips North America LLC ("Philips NA")[1] respectfully submits this Opposition to Plaintiff Alexander Trueblood's Motion to Remand, *Trueblood* v. *Philips North America LLC et al.*, No. 2:23-CV-01304-JFC (W.D. Pa.) (ECF Nos. 13, 14).

## PRELIMINARY STATEMENT

Philips NA's Notice of Removal establishes that this Court has jurisdiction over Plaintiff's claims under 28 U.S.C. Section 1332 because the parties are completely diverse and the amount in controversy plausibly exceeds $75,000.  Notice of Removal, at 4, No. 2:23-CV-01304-JFC (W.D. Pa.) (ECF No. 1) ("Notice of Removal").  Plaintiff's Motion to Remand ignores the parties' pleadings and contradicts controlling law.  It should be denied.

*First*, the Notice of Removal adequately alleged Defendants' citizenship.  Plaintiff does not dispute that Defendants are, in fact, diverse from him.  Instead, Plaintiff argues that the Notice of Removal fails to plead (i) Koninklijke Philips N.V.'s ("KPNV") corporate status and (ii) KPNV's and Philips NA's citizenship at the time this action was initiated.  *See* Memo. of Points & Authorities in Supp. of Mot. to Remand, at 4, No. 2:23-CV-01304-JFC (W.D. Pa.) (ECF No. 14) ("Mot. to Remand").  These arguments are easily rejected.  The Notice of Removal and its exhibits plainly demonstrate both that KPNV is incorporated as a *Naamloze Vennootschap* (or an "NV") under Dutch law and that its principal place of business is in the Netherlands.  Notice of Removal, at 2 n.1.  KPNV is thus a citizen of the Netherlands for purposes of diversity jurisdiction. The Complaint and the Notice of Removal, along with its exhibits, similarly establish that both Philips NA and KPNV were (and remain) diverse from Plaintiff both at the time the Complaint was filed and at the time of removal.  Plaintiff has no good faith basis to argue otherwise.

---

[1]     Plaintiff's Complaint incorrectly names the non-existent entity "Koninklijke Philips Electronics N.V." as a defendant.  As addressed in the Notice of Removal, the correct entity is Koninklijke Philips N.V.

*Second*, the Complaint puts more than $75,000 at issue.  Plaintiff's arguments to the contrary rest on a post-removal declaration that conflicts with a reasonable reading of the Complaint and that is, thus, irrelevant as a matter of law to this Court's jurisdictional analysis. Plaintiff's self-serving calculation of the amount in controversy includes numerous obvious flaws, including (i) significantly undervaluing the potential costs of ongoing medical monitoring, (ii) artificially limiting his own expected lifespan, and (iii) disclaiming any entitlement to punitive damages that his Complaint can be reasonably read to seek.  Correcting just one of these flaws puts the amount in controversy well over the $75,000 requirement for diversity jurisdiction.

As such, Plaintiff's unfounded attempts to evade this Court's jurisdiction must be rejected.  Plaintiff's Motion to Remand should be denied.

## BACKGROUND

On May 30, 2023, Plaintiff Alexander Trueblood, a resident and citizen of California, filed in the Superior Court of the State of California a products liability complaint against Philips NA, a Delaware LLC, and KPNV, a "foreign entity . . . based in the Netherlands." *See* **Exhibit 1**, Complaint, Case No. 2:23-CV-01304-JFC (W.D. Pa.) (ECF No.   1-1) ("Complaint").  Plaintiff alleges that he was "harmed" by a Philips BiPAP device ("the Device") that Philips Respironics ("Philips RS") later recalled because it allegedly "contains polyester-based polyurethane foam that degrades and can be inhaled by the user, causing health consequences, including respiratory issues and cancer." *Id.* ¶¶ 1, 2, 5, 14, 21.  Plaintiff alleges that Defendants "learned of the degrading foam and its health risks before announcing the recall" but "concealed" such facts. *Id.* ¶¶ 3, 4.  Based on these allegations, Plaintiff asserts causes of action for strict products liability, negligence, and breach of express and implied warranties. *Id.* ¶¶ 13-30.  He seeks "actual damages," the "costs of suit," and "such other and further relief as the Court may deem just and proper." *Id.* at 5.

Philips NA timely removed this action on June 28, 2023, pursuant to 28 U.S.C. Section 1332, because Philips NA and KPNV are diverse from Plaintiff and the amount in controversy exceeds $75,000.  *See* Notice of Removal, at 4.  This action was transferred to the MDL on July 20, 2023.  *See* Conditional Transfer Order 75, Case No. 2:21-mc-01230-JFC (W.D. Pa.) (ECF No. 2096).

## ARGUMENT

Where, as here, removal is "predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant."  *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006); *see also* 28 U.S.C. § 1332.[2]  Both requirements are met here.

## I.    The Notice of Removal Established Complete Diversity.

Plaintiff, a California citizen, does not argue that either Philips NA or KPNV is a citizen of California.  Instead, he argues that the Notice of Removal does not allege complete diversity because it does not plead (1) whether KPNV "is a corporation or some other type of entity," and, in turn, whether KPNV is a citizen of "any U.S. state, including California," or (2) "complete diversity both at the time of removal, and the time of filing the complaint."  Mot. to Remand, at 3, 5-7.  Plaintiff's argument ignores the factual evidence Philips NA provided in its Notice of Removal to demonstrate diversity.

---

[2]    Third Circuit law governs Plaintiff's Motion to Remand because federal procedural rules apply pending a resolution of the district court's jurisdiction. *See In re Linerboard Antitrust Litig.*, 2005 WL 1625040, at *4 (E.D. Pa. July 11, 2005) ("[A] transferee court must follow the law of its Circuit in deciding questions of federal jurisdiction . . . .").

**A.      The Notice of Removal Established that KPNV Is a Citizen of the Netherlands.**

**1.      As an NV, KPNV Is Treated As a Corporation for Diversity Purposes.**

KPNV is a public corporation, known as an NV, that is incorporated in and under the laws of the Netherlands with its principal place of business in the Netherlands.  Notice of Removal, at 2 n.1 & ¶¶ 30-32.  The Notice of Removal plainly stated these uncontroverted facts.  *Id.*  Philips NA's Corporate Disclosure Statement and KPNV's SEC Form 20-F for Fiscal Year 2022 that accompanied the Notice of Removal further confirm these factual averments.[3]  *See* Corporate Disclosure Statement, at 2, No. 2:23-CV-01304-JFC (W.D. Pa.) (ECF No. 4) ("Corp. Discl."); Notice of Removal, Ex. D (KPNV 2022 Form 20-F) at 1 (providing that KPNV is publicly traded on the New York Stock Exchange and is incorporated in the Netherlands with its principal executive offices in the Netherlands).

Plaintiff does not contest these facts.  *See* Compl. ¶ 10 (identifying KPNV as a "foreign entity . . . based in Amsterdam, the Netherlands"); Mot. to Remand, at 5 (conceding that the Notice of Removal states that KPNV is "'incorporated' in the Netherlands").  Inexplicably, though, he also argues that KPNV's corporate status is "unknowable," and that KPNV's citizenship should be analyzed like an LLC—according to the citizenship of its members—because Investopedia.com describes an NV as a "public limited liability company." *Id.* at 5-6.[4]  But courts

---

[3]      U.S. Securities and Exchange Commission ("SEC") Form 20-F is "the reporting form used by most foreign private issuers . . . to comply with the SEC's annual report requirements" under Sections 13(a) or 15(d) of the Exchange Act.  PwC, *Viewpoint: SEC 8100 – Form 20-F* (published Sept. 30, 2023), *available at* https://tinyurl.com/Form20-F; *see also* U.S. SEC, *Financial Reporting Manual: Topic 6 – Foreign Private Issuers & Foreign Businesses*, *available at* https://www.sec.gov/corpfin/cf-manual/topic-6 (last visited Mar. 8, 2024).

[4]      Investopedia's definition has nothing to do with the law's treatment of NVs for purposes of determining diversity under 28 U.S.C. Section 1332.  And, in any case, the very definition of

routinely reject substantially identical arguments and consistently treat NVs as analogous to corporations for diversity purposes.  In *Stockton* v. *CNH Industrial America, LLC*, for instance, plaintiff argued that defendant CHN Industrial N.V.—an NV incorporated under the laws of the Netherlands and with its principal place of business in the United Kingdom—should be treated by the Court the "same way it treats LLCs existing under state laws for purposes of diversity jurisdiction analysis." *Stockton*, 2016 WL 11430713, at *1 (N.D. Okla. Sept. 29, 2016).  The court squarely rejected that argument and denied remand:

> [T]he fact that a foreign entity uses the words 'limited liability' does not itself indicate that it is an LLC for the purposes of U.S. law and the diversity statute. CNH Industrial N.V. was *incorporated* under the laws of the Netherlands as a naamlooze vennootschap, and other federal courts have treated Netherlands N.V.'s as corporations for the purposes of diversity jurisdiction analysis. . . . Insofar as CNH Industri[al] N.V. was incorporated under the laws of the Netherlands, its stock is publicly traded, and it offers limited liability for its equity investors, it therefore more closely resembles a corporation than a limited liability company.  The rule pertaining to unincorporated associations—that courts must include all of the members of an unincorporated association when determining the entity's citizenship for diversity jurisdiction purposes—does not apply.

---

an NV upon which Plaintiff relies confirms that an NV closely resembles a domestic corporation, and *not* an LLC as Plaintiff claims:

> An NV is a public limited liability company or an *open corporation* that *sells shares to the public* in order to generate income.  The acronym appears after the company name, the same way American and British company names precede the words Inc. or PLC. . . . An NV *issues shares to shareholders* who have the power to make decisions about the company . . . .  *This type of corporation generally operates the same way an incorporated company does in the U.S.* or a public limited company does in the United Kingdom.

*Compare* Julia Kagan, *N.V.: Alternative Investing Meaning, Examples and FAQs*, Investopedia (updated July 19, 2022), *available at* https://www.investopedia.com/terms/n/nv-nv-or-naamloze-vennootschap.asp (emphasis added) *with* Mot. to Remand, at 5.  Plaintiff conspicuously ignores this other language from the Investopedia definition that contradicts his argument.

*Id.* (internal citations omitted) (emphasis in original).[5]  Other examples are legion,[6] and Plaintiff

cites no authority to the contrary.[7]

The same conclusion should be reached here.  KPNV is a citizen of the Netherlands

and is diverse from Plaintiff, who is a California citizen.  Plaintiff's demand that KPNV identify

its "members" for purposes of establishing citizenship is misplaced—an NV, as even Plaintiff's

own definition makes clear, does not have "members" and does not need to disclose members

because it is properly treated like a corporation and not an LLC.[8]  *See infra* n. 4.

### 2.  Philips NA Properly Alleged KPNV's Diversity.

Philips NA's Notice of Removal properly pleaded and provided factual support

showing that KPNV is a citizen of the Netherlands.  "A corporation is a citizen both of the state

---

[5]  The *Stockton* court further held that the defendant, as a Netherlands NV, would also be correctly "considered a 'juridical person' under the law that created it – the Netherlands."  2016 WL 11430713, at *1.  Under either approach, NVs are routinely treated as corporations for diversity purposes.  *See infra* § I.A.1.

[6]  *E.g.*, *Garcia* v. *FCA US, LLC*, 2016 WL 4445337, at *3 (E.D. Cal. Aug. 24, 2016) (holding that NV incorporated under laws of the Netherlands was appropriately considered Dutch citizen for purposes of Section 1332 jurisdiction and denying California plaintiff's motion to remand); *Gerber* v. *FCA US LC*, 2017 WL 2705428, at *4 (S.D. Cal. June 23, 2017) (same); *Alvarado* v. *FCA US, LLC*, 2017 WL 2495495, at *5 (C.D. Cal. June 8, 2017) (same); *Atcom Support LP* v. *M/V HC Nadja Maria*, 2015 WL 6181749, at *2 (D. Del. Oct. 21, 2015) (holding that NV that was organized and had its principal place of business in the Netherlands was foreign citizen within the meaning of 28 U.S.C. Section 1332).

[7]  Each case relied upon by Plaintiff stands only for the inapposite proposition that the citizenship of an unincorporated entity is determined by the citizenship of its members.  Mot. to Remand, at 6-7.  That does not apply to NVs.

[8]  Plaintiff argues in passing that the Notice of Removal only "generically" states that KPNV is "'incorporated' in the Netherlands."  Mot. to Remand, at 5.  These averments about KPNV's status as an *incorporated* entity are not "generic" and belie Plaintiff's contention that KPNV might take some other type of *unincorporated* form like a limited liability company.  *Cf.* INCORPORATION, Black's Law Dictionary (11th ed. 2019) ("The formation of a *legal corporation.*") (emphasis added); *GBForefront, L.P.* v. *Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (explaining that a partnership and limited liability company are *unincorporated* business entities).

(or foreign state) where it is incorporated and of the state (or foreign state) where it has its principal place of business." *Wyndham Hotel Grp. Canada, ULC* v. *Ostrander*, 2022 WL 16552817, at *2 (D.N.J. Oct. 31, 2022); *Insituform Techs., Inc.* v. *AMerik Supplies, Inc.*, 850 F. Supp. 2d 1336, 1352 (N.D. Ga. 2012) ("[A] foreign corporation is considered a citizen of a foreign state, unless its principal place of business is in one of the United States."). KPNV is an NV incorporated under the laws of the Netherlands with its principal place of business in the Netherlands. Notice of Removal, n.1 & ¶¶ 30-32, 36; *see also* Notice of Removal, Ex. D (KPNV 2022 Form 20-F) at 1; Corp. Discl., at 2. The Notice of Removal plainly states these facts, but Plaintiff chooses to ignore them.

Plaintiff's unsupported assertion that "even if [KPNV] were a corporation formed in the Netherlands, defendant failed to allege whether it is also incorporated in any U.S. state," Mot. to Remand, at 3, 4-5, underscores his misunderstanding of KPNV's citizenship. NVs are *foreign* corporate business entities. As a foreign entity incorporated under the laws of the Netherlands, KPNV is not incorporated in any U.S. state. *See Caribbean Telecomms. Ltd.* v. *Guyana Tel. & Tel. Co.*, 594 F. Supp. 2d 522, 526 (D.N.J. 2009) ("Naturally, an alien corporation does not have a State of incorporation within the United States."). Moreover, there is no requirement that removal papers affirmatively disclaim that KPNV is a citizen of any U.S. State. *Cf. Lira-Mojica* v. *Hohmann & Barnard, Inc.*, 2021 WL 9544918, at *1-2 (E.D. Pa. Aug. 6, 2021) (denying motion to remand and noting removal was not defective where defendant correctly pled citizenship in Delaware but did not "affirmatively disclaim" incorporation elsewhere). Thus, KPNV is a citizen of the Netherlands under Section 1332 and is diverse from Plaintiff as a factual matter, and the Notice of Removal properly and expressly pleaded KPNV's diversity of citizenship.

**B.**     **The Notice of Removal Established Defendants' Citizenship at the Time the Complaint Was Filed and at the Time of Removal.**

Plaintiff's passing argument that the Notice of Removal is deficient because it fails to expressly allege the parties' citizenship at the time Plaintiff filed suit is meritless.  *See* Mot. to Remand, at 7.  Once again, Plaintiff does not contest that the parties actually were diverse at the time he filed his Complaint or at the time of removal.  He also ignores the record.

*First*, Plaintiff's own allegations support a finding of diversity of citizenship at the time he initiated this action.  *Compare* Compl. ¶ 8 (alleging that Plaintiff is a natural person who "is a resident and citizen of the State of California") *with id.* ¶ 9 (alleging that Philips NA is a "Delaware limited liability company with its principal place of business in Cambridge, Massachusetts") *and id.* ¶ 10 (alleging that KPNV is a "foreign entity" based in Amsterdam, the Netherlands).  The Notice of Removal repeats and incorporates each of these allegations.  *See* Notice of Removal ¶¶ 25, 27, 30; *see also id.* ¶ 22 (stating the "general rule" that "diversity is determined at the time of the filing of a lawsuit" and "'must exist at the time the action is removed to federal court'") (quoting *Murphy* v. *Am. Gen. Life Ins.*, 2014 WL 3417606, at *2 (C.D. Cal. July 1, 2014)).  Plaintiff's own pleadings alone are sufficient to establish diversity.  *See Gerber*, 2017 WL 2705428, at *5 ("[T]he Court should not remand for defects in the removal procedure where the pleadings that are attached to the notice of removal provide the Court with sufficient information from which it can evaluate whether federal jurisdiction exists.").

*Second*, his argument does not address the Corporate Records and Business Registrations appended to the Notice of Removal, which demonstrate diversity both at the time the case was filed and at the time of removal.  Those records show that Philips NA's and KPNV's citizenship existed at the time Plaintiff initiated his action and *pre-dated* Plaintiff's filing of his

Complaint on May 30, 2023.[9]   These records, which were incorporated into the Notice of Removal, demonstrate that diversity of citizenship existed as of May 30, 2023.[10]   Plaintiff's misguided argument reveals that his assertions lack substantive merit.   He has not identified a single fact raising any doubt about the parties' complete diversity, and he fails to acknowledge that the removal record demonstrates exactly what he claims is required—diversity as of the time of filing *and* the time of removal.

---

[9]        *See* Notice of Removal, Ex. B (Philips NA's Corp. Records & Business Reg.) at 2 (demonstrating that the records were pulled on November 23, 2021, and that Philips NA's articles of formation were filed on November 22, 1995, and identifying Philips NA as a Delaware LLC); *id.*, Ex. C (Philips Holding USA Inc. Corp. Records & Business Reg.), at 2 (demonstrating that the records were pulled on November 23, 2021, and that Philips Holding USA Inc.'s articles of incorporation were filed on June, 26, 2017, and identifying Philips Holding USA, Inc. as a Delaware corporation with its principal place of business in Massachusetts); *id.*, Ex. D (KPNV's 2022 Form 20-F) at 2 (filed with the SEC on February 24, 2023 and identifying KPNV as an NV incorporated under the laws of the Netherlands with its principal place of business in the Netherlands).

[10]        In the alternative, Philips NA requests that the Court either deem its Notice of Removal amended to address this purported pleading deficiency or grant it leave to amend its Notice of Removal pursuant to 28 U.S.C. Section 1653.   Because Plaintiff does not credibly dispute the existence of diversity jurisdiction at either the time of the commencement of his lawsuit on May 30, 2023, or when Philips NA filed its Notice of Removal on June 28, 2023, amendment pursuant to 28 U.S.C. Section 1653 is appropriate.   *See, e.g.*, *Xia Zhao* v. *Skinner Engine Co.*, 2012 WL 1758145, at *2-3 (E.D. Pa. May 16, 2012) (granting defendant leave to amend notice of removal to allege diversity at time of initiation of the complaint and noting that Section 1653 "permits jurisdictional amendments" where "jurisdiction in fact existed at the time the suit was brought or removed[,] though defectively alleged") (quoting *Newman–Green, Inc.* v. *Alfonzo–Larrain*, 490 U.S. 826, 831 (1989)).   Plaintiff's own cases dictate that amendment—rather than remand—would be appropriate, if it is necessary.   *See Reece* v. *Bank of New York Mellon*, 760 F.3d 771, 778 (8th Cir. 2014) (in exercising its discretion the court "deem[ed]" defendants' defective pleading of plaintiff's citizenship "properly amended" in consideration of the parties' supplemental briefing).   Out of an abundance of caution, a proposed amended Notice of Removal that explicitly pleads what the supporting business records appended to the original Notice of Removal plainly demonstrated is attached for the Court's consideration.   *See* **<u>Exhibit 2</u>** (revising ¶ 36 to add the italicized language "there is *now, was at the time this action was initiated, and was at the time of removal,* complete diversity of the parties" and making similar revisions to ¶¶ 26, 29, and 32).

**II.     The Amount in Controversy Exceeds $75,000.**

Plaintiff argues that the amount in controversy is "$53,800 at the most" and, therefore, that the $75,000 amount in controversy requirement is not met.  Mot. to Remand, at 4.  While Plaintiff concedes that he seeks combined economic and emotional distress damages that at least approach $38,000, he argues on remand that only $16,000 more is in controversy based on his assumption that he will require $1,000 per year of medical monitoring for his assumed 16 remaining years of life.  *Id.* at 4.  Plaintiff's Motion to Remand attempts to evade jurisdiction by rewriting his Complaint through a declaration that self-servingly limits his lifespan and purports to exclude punitive damages.  That attempt must fail.

"There exists a longstanding principle that . . . federal diversity jurisdiction is determined at the time of removal" by "the complaint that was operative at the time of removal." *McDermott* v. *CareAllies, Inc.*, 503 F. Supp. 3d 225, 231 n. 5 (D.N.J. 2020) (internal quotations and alterations omitted) (citing *New Rock Asset Partners, LP* v. *Preferred Entity Advancements*, 101 F.3d 1492, 1503 (3d Cir. 1996)); *Steel Valley Auth.* v. *Union Switch Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (stating that amount in controversy must be based on the "plaintiff's complaint at the time the petition for removal was filed").  Under this principle, "[t]he amount in controversy must be calculated based on a 'reasonable reading' of the complaint." *Werwinski* v. *Ford Motor Co.*, 286 F.3d 661, 667 (3d Cir. 2002), *abrogated on other grounds by Earl* v. *NVR, Inc.*, 990 F.3d 310 (3d Cir. 2021).

"[A] plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor." *Angus* v. *Shiley,* 989 F.2d 142, 145 (3d Cir. 1993).  Thus, "a plaintiff's stipulation subsequent to removal as to the amount in controversy and the types of relief sought is of 'no legal significance' to the court's jurisdictional analysis." *Werwinski*, 286 F.3d at 667 (citing *Angus*, 989 F.2d at 145); *Roth* v. *US LEC of*

*Pennsylvania, Inc.*, 2005 WL 2340468, at *3 (E.D. Pa. Sept. 23, 2005) (denying motion to remand and stating that assertions in an affidavit by plaintiff's counsel attached to his motion to remand "to demonstrate that the jurisdictional amount cannot be reached" are "of no legal significance"). This settled rule defeats Plaintiff's argument that the amount-in-controversy requirement is not met.

   ***Medical Monitoring Damages.*** Plaintiff admits that he will seek medical monitoring costs for the remainder of his life.  Mot. to Remand, at 3-4.  Plaintiff now contends without support that his medical monitoring damages will not exceed $1,000 annually for what he assumes will be 16 years of his remaining life, for a total of $16,000.  *Id.* at 4.  His $1,000 annual estimate is "based on getting an annual check-up and imaging exam."  Trueblood Decl. ¶ 3, No. 2:23-CV-01304-JFC (W.D. Pa.) (ECF No. 2127-2) ("Trueblood Decl.").  Plaintiff does not provide past medical bills or any other documentary support to substantiate his estimate of the likely combined cost of an annual imaging exam or check-up.  *See id.*  Plaintiff estimates that he will need medical monitoring for only 16 years because he is 60 years old and, based on one cherry-picked estimate, expects to live to 76.  *Id.*  But his *post hoc* assertions conflict with a reasonable reading of the Complaint.

   The amount in controversy is not calculated, as Plaintiff urges, by "the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus,* 989 F.2d at 146 (3d Cir. 1993).  Here, a reasonable reading of the value of Plaintiff's medical monitoring claim exceeds $16,000.  Courts have observed that annual cancer screening costs can, "undoubtedly, be great," *Rice* v. *CSX Transp., Inc.*, 2002 WL 35467650, at *8 (N.D.W. Va. Mar. 11, 2002), and have consistently found that such screening exams cost substantially more

than the $1,000 that Plaintiff estimates.[11]  One court has even valued the cost of cancer screening

exams as high as $4,000 annually.  *See Elkins* v. *Rajaraman*, 2020 WL 3121161, at *1 (Mich. Ct.

App. June 11, 2020).  The Complaint thus plausibly places in controversy more than $1,000 per

year and as much as $4,000 per year in annual monitoring costs.  Even accepting his purported 16-

year life expectancy, the $4,000 annual cost found in *Elkins*, combined with the $38,000 Plaintiff

seeks in compensatory (not punitive) damages, places approximately $102,000 ($38,000 + ($4,000

x 16)) at issue.  The amount in controversy requirement is thus easily satisfied.

   Moreover, this Court should not accept the 16-year term for annual monitoring that

Plaintiff proposes because it is artificially limited and speculative.  Plaintiff cannot simply pick a

particular life expectancy out of a hat—his remaining lifespan is a factual question that takes into

account other important demographic information like health, lifestyle, family history, and

occupation.  *Allen* v. *Toledo,* 109 Cal. App. 3d 415, 424 (1980) ("[L]ife expectancy . . . is a question

of fact for the jury to decide . . . considering all relevant factors."); *see also United States* v. *CITGO

Petroleum*, 2014 WL 1758276, at *5 (S.D. Tex. Apr. 30, 2014) ("[A]n individual's life expectancy

may differ from the average based on a wide number of factors like current health, lifestyle, and

family history.").  He has not provided any actuarial analysis of his expected lifespan.

   Plaintiff's actual expected lifespan may be significantly longer.  For example, CDC

statistics suggest that a 65-year-old Californian male (Plaintiff is now 60 or 61, *see* Trueblood

Decl. ¶ 3) is likely to live to 82.9 years.[12]  Plaintiff under that expectancy would be entitled to seek

---

[11] *See Gayvont* v. *Davol, Inc.*, 2008 WL 2433258, at *2 (D.R.I. Feb. 26, 2008) (noting that a
yearly CT scan, a test used for cancer screening, was estimated to cost more than $1,400); *St.
Peter's Healthcare Servs.* v. *Kamani*, 110 N.Y.S.3d 886 (N.Y. Sup. Ct. 2018) (noting that
defendant was charged $2,120 for a CT scan).

[12] U.S. DEP'T OF HEALTH & HUMAN SERVS., *National Vital Statistics Reports, Vol. 71 No. 2*,
at 6 (Aug. 23, 2022), *available at* https://www.cdc.gov/nchs/data/nvsr/nvsr71/nvsr71-02.pdf

*at least* 21 years of medical monitoring damages.  His medical monitoring costs would need to be valued at only $1,700 annually to exceed $75,000 (*i.e.*, $38,000 + ($1,700 x 21)).  Both the annual $2,120 screening costs found by the *St. Peter's* court and the $4,000 screening costs found by the *Elkins* court would place Plaintiff's damages well above the jurisdictional limit ($38,000 + ($2,120 x 21) = $82,520; $38,000 + ($4,000 x 21) = $122,000).  Plaintiff certainly has not disavowed monitoring damages for the rest of his life; he simply seeks to artificially limit the number of years of life potentially at issue to avoid federal jurisdiction.  The Court should decline to adopt Plaintiff's post-removal attempt to limit the medical monitoring damages in controversy.

> ***Punitive Damages***.  The Complaint suggests that Plaintiff seeks punitive damages that could independently exceed $75,000.[13]  Punitive damages are recoverable under each of Plaintiff's claims if he shows that Defendants acted with "oppression, fraud, or malice." Cal. Civ. Code § 3294(a). "'Malice' means conduct which is . . . carried on by the defendant with a willful and conscious disregard of the rights and safety of others." *Id.* § 3294(c)(1). "'Fraud' means . . . concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." *Id.* § 3294(c)(3).

> Plaintiff alleges that Defendants learned of the "health risks" posed by the Recalled Devices but "concealed" those risks "and the existence of any claims . . . from Plaintiff." Compl. ¶¶ 3-4.  Such allegations, if credited, may potentially support an award of punitive damages, which

---

(showing that a 65-year-old male living in California has an estimated remaining life expectancy of 17.9 years).

[13]     The Third Circuit includes punitive damages when calculating the amount in controversy. *See, e.g.*, *Coulter* v. *Paul Laurence Dunbar Cmty. Ctr.*, 685 F. App'x 161, 165 (3d Cir. 2017) ("We also see nothing suggesting that Coulter is legally certain to recover less than the jurisdictional amount given the apparent availability of punitive damages on this claim, which must be considered in determining the amount in controversy.").

should be calculated as part of the amount in controversy.  *See id.* ¶ 22, Prayer for Relief (seeking damages in an amount "according to proof" and "[f]or such other and further relief as the Court may deem just and proper"); *Godfrey* v. *Steinpress*, 128 Cal. App. 3d 154, 183 (Ct. App. 1982) ("Where the body of the complaint sets forth facts upon which an award of punitive damages may be predicated, the trier of fact can award punitive damages even in the complete absence of a prayer.").  Juries have awarded more than $75,000 in punitive damages where, like here, a party is accused of concealing health risks.[14]  Given Plaintiff's admission that he seeks at least $53,800, Mot. to Remand, at 4, the potential claim for punitive damages as a multiple of this amount alone supports a finding that the amount-in-controversy requirement is satisfied.

Finally, the Complaint puts compensatory, emotional distress, medical monitoring, and punitive damages at stake.  Courts consistently find that the amount in controversy is met in products liability actions that seek these categories of damages.[15]

## CONCLUSION

For the foregoing reasons, the Motion to Remand should be denied.

---

[14]     *E.g.*, *Bullock* v. *Philip Morris USA, Inc.*, 198 Cal. App. 4th 543, 555 (2011) (upholding punitive damages award 16 times greater than compensatory damages); *Boeken* v. *Philip Morris, Inc.*, 127 Cal. App. 4th 1640, 1650 (2005) (upholding punitive damages award nine times greater than compensatory damages); *Izell* v. *Union Carbide Corp.*, 231 Cal. App. 4th 962, 985-88 (2014) (upholding punitive damages award three times greater than compensatory damages); *Johnson* v. *Monsanto Company*, 52 Cal. App. 5th 434, 462 (2020) (applying 2.5x award multiplier).

[15]     *See Culpepper* v. *Stryker Corp.*, 968 F. Supp. 2d 1144, 1158 (M.D. Ala. 2013); *In re: Incretin Mimetics Products Liability Litigation*, 2015 WL 11658714, at *4 (S.D. Cal. 2015) (amount in controversy requirement satisfied in products liability action); *Campbell* v. *Bridgestone/Firestone, Inc.*, 2006 WL 707291, at *2 (E.D. Cal. Mar. 17, 2006) (same); *Bryant* v. *Apotex, Inc.*, 2012 WL 5933042, at *4 (E.D. Cal. Nov. 27, 2012) (same).

Dated: March 8, 2024      Respectfully submitted,

_/s/ Michael H. Steinberg_    
Michael H. Steinberg (CA134179)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, CA 90067
Tel: (310) 712-6670
Fax: (310) 712-8800
steinbergm@sullcrom.com

*Counsel for Defendant*
*Philips North America LLC*

## CERTIFICATE OF SERVICE

I certify that on March 8, 2024, a true and correct copy of the foregoing was filed electronically and is available for viewing and downloading from the Court's ECF System. Notice of this filing will be sent to all counsel of record by operation of the ECF System.

*/s/ Michael H. Steinberg*
Michael H. Steinberg
